LTL ATTORNEYS LLP
Heather F. Auyang (SBN 191776)
heather.auyang@ltlattorneys.com
601 Gateway Boulevard, Suite 1010
South San Francisco, California 94080
Tel: 650-422-2130
Fax: 650-241-2142

Michael J. Song (SBN 243675)
michael.song@ltlattorneys.com
300 South Grand Avenue, 14th Floor
Los Angeles, California 90017
Tel: 213-612-8900
Fax: 213-612-3773

Attorneys for Defendant
TP-Link Research America Corp.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANTONIO GARRETT,<br><br>            Plaintiff,<br><br>       v.<br><br>TP-LINK RESEARCH AMERICA CORPORATION, a California company,<br><br>            Defendant. | Case No. 3:20-cv-03491-SI<br><br>**DEFENDANT TP-LINK RESEARCH AMERICA CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Filed Concurrently with Memorandum of Points and Authorities; and [Proposed] Order]<br><br>Date:  Sept. 11, 2020<br>Time:  10:00 a.m.<br>Place: Courtroom 1<br><br>Judge: Hon. Susan Illston |

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE THAT** on September 11, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 1 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Susan Illston, Defendant TP-Link Research America Corporation ("Defendant" or "TPRA") will, and hereby does, bring this Motion to Dismiss Plaintiff Antonio Garrett's ("Plaintiff" or "Garrett") Complaint.

By and through this motion, TPRA seeks the dismissal of Plaintiff's Complaint in its entirety, including claims for direct infringement, indirect infringement (induced and contributory) and willful infringement, for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *See* Compl., Counts I - IV and Prayer for Relief at ¶¶ F and G. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and such further evidence and argument as may be submitted prior to or at the hearing before this Court.

Dated: July 30, 2020

Respectfully submitted,

**LTL ATTORNEYS LLP**

By: */s/ Heather F. Auyang*
Heather F. Auyang (SBN 191776)
heather.auyang@ltlattorneys.com
601 Gateway Boulevard, Suite 1010
South San Francisco, California 94080
Tel: 650-422-2130
Fax: 650-241-2142

Michael J. Song (SBN 243675)
michael.song@ltlattorneys.com
300 South Grand Avenue, 14th Floor
Los Angeles, California 90017
Tel: 213-612-8900
Fax: 213-612-3773

*Attorneys for Defendant*
*TP-Link Research America Corp.*

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. FACTUAL BACKGROUND...................................................................................................2

    A. The Two Patents-in-Suit ...................................................................................................2

    B. Accused Products..............................................................................................................2

    C. Garrett's Infringement Allegations ...................................................................................2

III. LEGAL STANDARD ..............................................................................................................4

IV. THE COURT SHOULD DISMISS GARRETT'S COMPLAINT IN ITS ENTIRETY .............4

    A. Garrett's Direct Infringement Claims Fail as a Matter of Law.........................................4

        1. Garrett Fails to Adequately Plead that TPRA Directly Infringes the System Claims of the '207 Patent ...........................................................................................5

        2. Garrett Fails to Adequately Plead that TPRA Directly Infringes the Method Claims of the Patents-in-Suit......................................................................................7

    B. Garrett's Indirect Infringement Claims Fail as a Matter of Law ......................................8

        1. Garrett Fails to Allege Pre-Suit Knowledge of the Patents-in-Suit..............................9

        2. Garrett's Inducement Claims Fail Because He Has Not Adequately Plead Knowledge of Infringement or a Specific Intent to Induce Infringement .....................9

        3. Garrett Fails to Adequately Plead Critical Elements of His Contributory Infringement Claims ..................................................................................................11

    C. Garrett's Claims for Willful Infringement Fail as a Matter of Law ...............................12

V. CONCLUSION.......................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
  797 F.3d 1020 (Fed. Cir. 2015) .......................................................................................... 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................... 4, 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................... 4, 10

*CAP Co., Ltd. v. McAfee, Inc.*,
  2015 WL 3945875 (N.D. Cal. June 26, 2015) ................................................................. 10

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*,
  631 F.3d 1279 (Fed. Cir. 2011) ...................................................................................... 5, 6

*Commil USA ,LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015) ................................................................................................ 9, 11

*Conservation Force v. Salazar*,
  646 F.3d 1240 (9th Cir. 2011) ........................................................................................... 4

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) ....................................................................................... 10

*Ericsson, Inc. v. D-Link Systems, Inc.*,
  773 F.3d 1201 (Fed. Cir. 2014) ..................................................................................... 7, 8

*Finjan, Inc. v. Juniper Networks, Inc.*,
  2018 WL 905909 (N.D. Cal. Feb. 14, 2018) ................................................................ 9, 12

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) ........................................................................................................ 10

*Grecia v. McDonald's Corp.*,
  724 F. App'x 942 (Fed. Cir. 2018) .................................................................................... 6

*Grecia v. VUDU, Inc.*,
  2015 WL 538486 (N.D. Cal. Feb. 9, 2015) ....................................................................... 9

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  136 S. Ct. 1923 (2016) .................................................................................................... 13

*Hitachi Kokusai Elec. Inc. v. ASM Int'l, N.V.*,
  2018 WL 3537166 (N.D. Cal. July 23, 2018) ............................................................. 9, 12

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) ....................................................................................... 11

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ........................................................................................... 4

*Intellectual Ventures I, LLC v. Motorola Mobility, LLC*,
    870 F.3d 1320 (Fed. Cir. 2017) ......................................................................................... 6

*Kenexa Brassring Inc. v. Taleo Corp.*,
    2011 WL 2112386 (D. Del. May 26, 2011) ..................................................................... 7

*Koninklijke Philips N.V. v. Zoll Med. Corp.*,
    656 F. App'x 504 (Fed. Cir. 2016) ............................................................................. 7, 8

*Levitt v. Yelp! Inc.*,
    765 F.3d 1123 (9th Cir. 2014) ........................................................................................... 4

*Longitude Licensing v. Apple Inc.*,
    2015 WL 1143071 (N.D. Cal. Mar. 13, 2015) .......................................................... 12, 13

*Meyer Intellectual Props. Ltd. v. Bodum, Inc.*,
    690 F.3d 1354 (Fed. Cir. 2012) ......................................................................................... 7

*Omega Patents, LLC v. CalAmp Corp.*,
    920 F.3d 1337 (Fed. Cir. 2019) .................................................................................... 5, 6

*Portus Singapore Pte Ltd. v. SimpliSafe, Inc.*,
    2019 WL 6071180 (D. Del. Nov. 15, 2019) ..................................................................... 6

*Ricoh Co., Ltd. v. Quanta Comp. Inc.*,
    550 F.3d 1325 (Fed. Cir. 2008) ......................................................................................... 7

*Sentius Int'l, LLC v. Apple Inc.*,
    2020 WL 2850286 (N.D. Cal. June 2, 2020) .................................................................... 8

*Takeda Pharm. U.S.A., Inc. v. West-Ward Pharm. Corp.*,
    785 F.3d 625 (Fed. Cir. 2015) ..................................................................................... 9, 10

*Uniloc USA, Inc. v. Apple Inc.*,
    2018 WL 2047553 (N.D. Cal. May 2, 2018) ....................................................... 10, 11, 12

*Unwired Planet, LLC v. Apple Inc.*,
    2017 WL 1175379 (N.D. Cal. Feb. 14, 2017) .................................................................. 9

*U.S. Ethernet Innovations, LLC v. Netgear, Inc.*,
    2013 WL 4112601 (N.D. Cal. Aug. 12, 2013) .................................................................. 9

*Weisbuch v. Cty. of Los Angeles*,
    119 F.3d 778 (9th Cir. 1997) ......................................................................................... 4, 5

*WiNet Labs LLC v. Apple Inc.*,
    2020 WL 409012 (N.D. Cal. Jan. 24, 2020) ..................................................................... 7

**Statutes**

35 U.S.C. § 271(a) ............................................................................................................. 2, 4, 5, 6

35 U.S.C. § 271(b) ........................................................................................................................ 3

35 U.S.C. § 271(c) ............................................................................................................ 3, 11, 12

35 U.S.C. § 284 ...................................................................................................................... 12, 13

35 U.S.C. § 285 ................................................................................................................ 3, 12, 13

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ................................................................... 1, 12, 13

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant TP-Link Research America Corporation ("Defendant" or "TPRA") respectfully requests that the Court dismiss Plaintiff Antonio Garrett's ("Garrett") Complaint in its entirety—including claims for direct infringement, indirect infringement (induced and contributory) and willful infringement—for failure to state a claim upon which relief can be granted.

TPRA moves to dismiss Garrett's claims for direct infringement for failure to adequately plead that TPRA (as opposed to unidentified "others") directly infringes the two patents-in-suit.  *First*, Garrett's allegations that TPRA directly infringes patented *system claims* fail because each recites a mobile device (*e.g.*, phone) that TPRA does not make, sell, offer to sell, or import.  Garrett also fails to plead facts required to show direct infringement based on TPRA's "use," including that TPRA both "puts the invention into service" and "benefits from each and every element" of the claimed system. *Second*, Garrett's allegations that TPRA directly infringes patented *method claims* fail because Garrett fails to allege that TPRA performs each step of the claimed methods; making or selling a product or software capable of performing the claimed methods is insufficient.

TPRA also moves to dismiss Garrett's claims for indirect infringement for failure to adequately plead essential elements of induced and contributory infringement.  *First*, Garrett fails to allege TPRA's pre-suit knowledge of the patents-in-suit, and instead, only pleads notice based on the filing of his Complaint.  *Second*, Garrett does not plead any facts that would support an allegation of TPRA's *knowledge of infringement* (which requires more than just knowledge of the patents) or an allegation that TPRA had the requisite intent to induce infringement by another.  *Third*, Garrett has failed to plead facts supporting the lack of a substantial non-infringing use required for contributory infringement.

TPRA also moves to dismiss Garrett's claims for willful infringement, including his prayer for enhanced damages based on TPRA's alleged willfulness.  For the same reasons applicable to Garrett's failure to state a claim for indirect infringement, Garrett has failed to establish the essential element of knowledge of the two patents-in-suit.  Garrett has also failed to allege any egregious conduct.

For these reasons, the Court should dismiss Garrett's Complaint in its entirety.

## II. FACTUAL BACKGROUND

### A. The Two Patents-in-Suit

Garrett's Complaint (filed on May 22, 2020) alleges that TPRA directly, indirectly, and willfully infringed, and continues to infringe, U.S. Patent Nos. 9,854,207 ("'207 patent") and 10,511,809 ("'809 patent") (collectively, "patents-in-suit"). *See* Compl. at ¶¶ 29-54 (ECF No. 1). The patents-in-suit are directed to a "system [that] includes a camera for monitoring a surveillance area and a mobile device for receiving surveillance information from the camera." *Id.* at ¶ 8.

Independent claim 19 is alleged as representative of the claims recited in the '207 patent. *Id.* at ¶ 13. The '207 patent contains both system and method claims. *Id.*, Ex. A (ECF No. 1-1). Independent claims 1, 10, and 19 of the '207 patent are system claims. *Id.* Independent claim 18 is a "method" claim. *Id.* All claims of the '207 patent require a "mobile device" (*e.g.*, a phone) and a "camera." *Id.*

Independent claim 10 is alleged as representative of the claims recited in the '809 patent. *Id.* at ¶ 14. In contrast to the '207 patent, the '809 patent contains only method claims. *Id.*, Ex. B at claims 1, 10, and 18 (ECF No. 1-2). But like the '207 patent, all claims of the '809 patent require a "mobile device" (*e.g.*, a phone) and a "camera." *Id.*

### B. Accused Products

The accused products are TPRA's "line of Kasa® security cameras." Compl. at ¶¶ 15-16. Garrett alleges that "[e]ach product in the Kasa® surveillance system product line includes a surveillance device and an application for installation on a mobile device." *Id.* at ¶ 17. "On information and belief," Garrett alleges that "[TPRA] currently provides, uses, and operates—and/or directs or instructs others in the use and operation of—its Kasa® surveillance system product lines." *Id.* at ¶ 27.

### C. Garrett's Infringement Allegations

For direct infringement (Counts I and III), Garrett alleges:

> [TPRA] has infringed and continues to infringe one or more claims of the '207 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing in or into the United States all or portions of its surveillance systems identified above.

*Id.* at ¶ 30; *see also id.* at ¶ 43 (verbatim language for the '809 patent).

With respect to TPRA's knowledge of the patents-in-suit, Garrett simply alleges notice based on the filing of the Complaint, *e.g.*, "[TPRA] has had notice of the '207 Patent and their infringement since at least the filing of this action. *Id.* at ¶¶ 32, 39; *see also id*. at ¶¶ 45, 52 (verbatim language for the '809 patent).

For indirect infringement (Counts II and IV), Garrett simply embellishes the language of the Patent Statute with legal jargon posing as "facts" alleged "upon information and belief." For induced infringement, Garrett alleges:

> ***Upon information and belief***, TP-Link has induced and continues to induce others to infringe one or more claims of the '207 Patent under 35 U.S.C. § 271(b) by knowingly, intentionally, and actively aiding and abetting others to infringe the '207 Patent, and with the specific intent that such others infringe the '207 Patent. By way of example, and ***upon information and belief***, TP-Link accomplishes such inducement by directing and/or instructing others to install, use, and/or operate its surveillance systems, including its devices, software, and applications.

*Id.* at ¶ 36 (emphasis added); *see also id*. at ¶ 49 (verbatim language for the '809 patent). Similarly, for contributory infringement, Garrett alleges:

> ***Upon information and belief***, TP-Link has also contributed to the infringement of one or more claims of the '207 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, or importing in or into the United States one or more components of its surveillance systems that are the subject of the claims of the '207 Patent, knowing such components to be especially made or adapted for use in an infringement of the '207 Patent and not suitable for any substantial non-infringing use.

*Id.* at ¶ 37 (emphasis added); *see also id*. at ¶ 50 (verbatim language for the '809 patent). Attached to the Complaint are over 100 pages of "summary descriptions, pictures, and technical specifications" of the accused products—Kasa® cameras. *Id.* at ¶ 22, Ex. C (ECF No. 1-3).

Finally, for willful infringement, Garrett merely alleges: "[TPRA's] infringement is therefore willful and continuing, and this case is exceptional under 35 U.S.C. § 285." Compl. at ¶¶ 32, 39; *see also id*. at ¶¶ 45, 52 (verbatim language for the '809 patent); Prayer for Relief at ¶¶ F and G. There are no allegations in the Complaint regarding any willful blindness of the patents-in-suit or the egregiousness of any conduct.

As discussed below, these allegations are insufficient to plausibly plead claims for direct, indirect, and willful infringement of the patents-in-suit.

### III. LEGAL STANDARD

A complaint must set forth sufficient facts which, when taken as true, raise more than a speculative right to relief, and should be dismissed if it fails to plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1134–35 (9th Cir. 2014). The Court must accept as true all well-pleaded factual allegations, but should not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citations omitted). Moreover, the court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

Dismissal "is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quotations and citations omitted). A plaintiff must plead more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Finally, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his ... claim." *Weisbuch v. Cty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (citation omitted).

### IV. THE COURT SHOULD DISMISS GARRETT'S COMPLAINT IN ITS ENTIRETY

#### A. Garrett's Direct Infringement Claims Fail as a Matter of Law

To state a claim for direct patent infringement, a plaintiff must allege sufficient facts showing that a defendant "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention." 35 U.S.C. § 271(a). Counts I and III of the Complaint merely parrot the language of § 271(a). *See* Compl. at ¶¶ 30, 43. The only other possible acts of direct infringement identified in the Complaint is the allegation that TPRA "provides, uses, and operates … its Kasa® surveillance system product lines throughout the United States." *Id.* at ¶ 27. As discussed below, these allegations fail to state plausible claims for direct infringement of the system and method claims of the patents-in-suit, *i.e.*, all the claims of the patents-in-suit.

### 1. Garrett Fails to Adequately Plead that TPRA Directly Infringes the System Claims of the '207 Patent

Garrett alleges that TPRA infringes representative claim 19 of the '207 patent, which recites "[a] mobile surveillance system." Compl. ¶ at 13. Garrett's Complaint, however, fails to show how each element of claim 19 is met, and thus, fails to allege facts supporting a plausible claim that TPRA directly infringes claim 19. Instead, Garrett's bare-bones Complaint pleads sufficient "facts which establish that he cannot prevail." *Weisbuch*, 119 F.3d at 783 n.1. Thus, Garrett has "plead [him]self out of court" on his claims that TPRA directly infringes the asserted system claim(s). *Id.*

It is indisputable that: (1) Claim 19 of the '207 patent recites a system comprising "a mobile device" and a "camera;" (2) TPRA does not make or sell phones or other mobile devices; and (3) TRPA's application is intended to be installed on an end-user's mobile device. Indeed, Garrett's Complaint confirms these obvious facts. *See, e.g.*, Compl. at ¶¶ 13, 17-19, 21, 36, 49.

These facts establish that Garrett's Complaint fails to plead a plausible claim of direct infringement. There are five acts of infringement listed in § 271(a): make, use, sell, offer to sell, and import. As discussed below, based on binding Federal Circuit precedent, Garrett's Complaint does not plausibly allege that TPRA committed any of the enumerated acts of direct infringement.

For example, in *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, the Federal Circuit held that "[i]n order to 'make' the system under § 271(a), [the direct infringer] would need to combine all of the claim elements." 631 F.3d 1279, 1288 (Fed. Cir. 2011). Here, only an end-user combines all the claim elements of the system (*e.g.*, camera, phone, app), and thus, only the end-user (not TPRA) "makes" the system for purposes of § 271(a).

In *Omega Patents, LLC v. CalAmp Corp.*, the Federal Circuit held that for a transaction to constitute a "sale" under § 271(a),[1] depends on "whether 'all of the elements of the claim … [are] present in the accused system[s]' allegedly sold by [the defendant]." 920 F.3d 1337, 1345 (Fed. Cir. 2019) (alterations in original). Here, the accused Kasa® cameras sold by TPRA do not meet all of the elements of claim 19, and thus, do not constitute a sale within the meaning of § 271(a).

---

[1] Although not specifically alleged in Garrett's Complaint, any claim for direct infringement based on "offer to sale" or "import" would fail for the same reasons as "sales."

Thus, the only possible act of direct infringement is TPRA's "use." But, under relevant Federal Circuit precedent, Garrett failed to allege a plausible claim for direct infringement based on TPRA's "use" of the accused Kasa® cameras.

To establish infringement for "use" of a system, Garrett was required to show that TPRA both "put the invention into service" and obtained "benefit" from "each and every element" of the claimed system. *See Centillion*, 631 F.3d at 1284 ("We hold that to 'use' a system for purposes of infringement, a party must put the invention into service, *i.e.*, control the system as a whole and obtain benefit from it."); *Intellectual Ventures I, LLC v. Motorola Mobility, LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017) ("[P]roof of an infringing 'use' of the claimed system under § 271(a) requires the patentee to demonstrate that the direct infringer obtained 'benefit' from each and every element of the claimed system."); *Grecia v. McDonald's Corp.*, 724 F. App'x 942, 947 (Fed. Cir. 2018) (holding that "[t]he alleged benefit should be tangible, not speculative, and tethered to the claims," and not general "benefits from the claimed system as a whole"). Garrett failed to allege both requirements.

The facts here are remarkably similar to those in *Portus Singapore Pte Ltd. v. SimpliSafe, Inc.*, No. CV 19-480-LPS, 2019 WL 6071180 (D. Del. Nov. 15, 2019). That case also involved patents directed to a "security system that permits a user to monitor her home (or other location) remotely over the Internet." *Id.* at *1. The asserted claims required a "remote access device" and a "connection gateway" in the user's home. *Id.* The amended complaint alleged that the remote device was a user's smartphone, tablet, or computer, and the "connection gateway" was SimpliSafe's accused base stations, which monitored the user's home with window and door sensors. *Id.* at *3. The court found that the complaint only described one "user" of the system, SimpliSafe's customers, who monitored their home through SimpliSafe's smartphone application. *Id.* at *5. The court further found that the complaint failed to allege that SimpliSafe controls its customer's smartphone or puts the smartphone into service. *Id.* Thus, the court agreed that the complaint "fail[ed] to plausibly allege that SimpliSafe directly infringes the patents." *Id.*[2]

---

[2] *See also Omega*, 920 F.3d at 1345 (holding no direct infringement on JMOL because a third party provided the cell tower which enabled all of the limitations of the systems claim to be met); *Grecia*, 724 F. App'x at 943 (affirming dismissal with prejudice because plaintiff's complaint "fail[ed] to plausibly allege that [defendant] obtained a benefit from each and every claim element"); *Kenexa*

6                                          No. 3:20-cv-03491-SI

Likewise, Garrett's Complaint fails to plausibly allege that TPRA directly infringes claim 19 of the '207 patent. Because the other system claims of the '207 patent (independent claims 1 and 10) similarly require a "mobile device," they would fail for the same reasons.

### 2. Garrett Fails to Adequately Plead that TPRA Directly Infringes the Method Claims of the Patents-in-Suit

Garrett alleges that TPRA infringes representative claim 10 of the '809 patent, which recites "[a] method for conducting surveillance." Compl. ¶ at 14. Garrett's Complaint, however, fails to show how each element of claim 10 is met, and thus, fails to plausibly allege facts supporting his claim that TPRA directly infringes claim 10.

Direct infringement of a method claim occurs "where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.,* 797 F.3d 1020, 1022 (Fed. Cir. 2015). Because methods cannot be sold in the same way as devices, the sale of a product for performing a claimed method does not constitute direct infringement. *See Meyer Intellectual Props. Ltd. v. Bodum, Inc.,* 690 F.3d 1354, 1366 (Fed. Cir. 2012).

The sale of software for performing a claimed method also does not constitute direct infringement. *See Ricoh Co., Ltd. v. Quanta Comp. Inc.,* 550 F.3d 1325, 1335 (Fed. Cir. 2008) (holding that "software is not itself a sequence of actions, but rather it is a set of instructions that directs hardware to perform a sequence of actions"); *Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201, 1206 (Fed. Cir. 2014) (finding no direct infringement for sale of end-user products or software that perform the entire claimed method); *Koninklijke Philips N.V. v. Zoll Med. Corp.*, 656 F. App'x 504, 521 (Fed. Cir. 2016)) ("[A] party that sells an apparatus capable of performing a patented method is generally not liable for direct infringement if that infringing act comes to pass."); *WiNet Labs LLC v. Apple Inc.*, No. 5:19-cv-2248-EJD, 2020 WL 409012, at *4-5 (N.D. Cal. Jan. 24, 2020) (dismissing direct infringement claims alleging that Defendant's software performs each step of the claim).

---

*Brassring Inc. v. Taleo Corp.*, Civ. No. 07-521-SLR, 2011 WL 2112386, at *1-2 (D. Del. May 26, 2011) ("[Defendant] makes the back end processing elements, but it never 'uses' the entire claimed system because it never puts into service the display of said source data stream. The user must click on a hyperlink in order to display said stream.").

Rather, "the direct infringer would be the party who put that apparatus to use to perform the patented method." *Koninklijke Philips*, 656 F. App'x at 521 (citing *Ericsson,* 773 F.3d at 1221). In *Sentius Int'l, LLC v. Apple Inc.*, the court recently interpreted the Federal Circuit's holding in *Ericsson* to mean: "if the accused infringer controls the equipment (or the user) that performs any claimed step, it may be liable for direct infringement, but if the end user controls the device that performs the entire method, no direct infringement can be found." No. 4:20-CV-00477-YGR, 2020 WL 2850286, at *4 (N.D. Cal. June 2, 2020). The court held that to survive a motion to dismiss, a complaint alleging that Apple directly infringed a method claim based on "use" of its iPhones and online applications must allege that: "(1) Apple actually operates the device to perform the method, (2) at least one step of the method is performed on equipment controlled by Apple (per *SiRF*), or (3) Apple exercises direction or control over the users." *Id.* The court found that "designing software is equivalent to drafting instructions—the user who executes the instructions, not their creator, is liable for direct infringement." *Id.* Thus, the court granted Apple's motion to dismiss direct infringement claims. *Id.*

Here, independent claim 10 of the '809 patent recites a method requiring at least three steps: (1) receiving an instruction from a mobile device; (2) capturing the surveillance data by a camera; and (3) transferring surveillance data to the mobile device. Following *Sentius*, because Garrett's Complaint fails to allege that TPRA controls equipment performing at least one step of the claimed method or exercises control over users of its Kasa® camera, the Complaint fails to state a plausible claim that TPRA directly infringes claim 10 of the '809 patent. Because all other method claims of the patents-in-suit would also be performed by the end-user, they would also fail for the same reasons. *See* '207 patent at independent claim 18; '809 patent at independent claims 1 and 18).

For all the above reasons, Garrett's claims for direct infringement should be dismissed.

**B. Garrett's Indirect Infringement Claims Fail as a Matter of Law**

Garrett's indirect infringement claims—both induced and contributory—fail to state plausible claims for relief and should be dismissed. As discussed below, Garrett fails to plausibly plead: (1) TPRA's pre-suit knowledge of the patents-in-suit; (2) TPRA's knowledge of, or specific intent to induce, infringement by another; and (3) the accused Kasa® cameras' lack of substantial non-infringing use, as required for its contributory infringement claim.

### 1. Garrett Fails to Allege Pre-Suit Knowledge of the Patents-in-Suit

"Indirect infringement, whether induced or contributory, 'requires knowledge of the patent in suit and knowledge of patent infringement.'" *Unwired Planet, LLC v. Apple Inc.*, No. 13-CV-04134-VC, 2017 WL 1175379, at *1 (N.D. Cal. Feb. 14, 2017) (quoting *Commil USA ,LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015)). Such knowledge can be established either as actual knowledge or willful blindness. *Id.*

Here, Garrett's sole factual basis for TPRA's alleged knowledge of the patents-in-suit is the notice provided by the filing of this action. Compl. at ¶¶ 32, 39, 45, 52. The Complaint is devoid of any allegations that would allow the Court to reasonably infer that TPRA knew of the patents-in-suit before Garrett filed his Complaint.

### 2. Garrett's Inducement Claims Fail Because He Has Not Adequately Plead Knowledge of Infringement or a Specific Intent to Induce Infringement

"At the motion to dismiss stage ... a claim of inducement 'must contain facts plausibly showing that [the defendant] specifically intended [the direct infringer] to infringe [the patent-in-suit] and knew that the [direct infringer's] acts constituted infringement." *Grecia v. VUDU, Inc.*, No. C-14-0775-EMC, 2015 WL 538486, at *7 (N.D. Cal. Feb. 9, 2015) (quotation omitted) (alterations in the original); *see also Finjan, Inc. v. Juniper Networks, Inc.*, No. C 17-05659 WHA, 2018 WL 905909, at *4-5 (N.D. Cal. Feb. 14, 2018) ("Finjan alleges no facts showing Juniper's pre-suit knowledge of the actual *patents-in-suit*, let alone any knowing infringement thereof. This alone requires dismissal of Finjan's induced infringement claims.") (italics in original).

Courts have made clear that intent to induce infringement requires more than a description of the "infringing mode" in product documentation. *See, e.g.*, *Takeda Pharm. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 785 F.3d 625, 631 (Fed. Cir. 2015).[3] In other words, there must be "more than just intent

---

[3] *See also U.S. Ethernet Innovations, LLC v. Netgear, Inc.*, No. C 13–2262-CW, 2013 WL 4112601, at *3 (N.D. Cal. Aug. 12, 2013) ("[Plaintiff] has plead that [defendant] provided instructions to its customers on how to use its products and that, when the customers operated the products as instructed by [defendant], they directly infringed the patents-in-suit. However, [plaintiff] has not adequately plead that [defendant] knew that these acts would constitute patent infringement."); *Hitachi Kokusai Elec. Inc. v. ASM Int'l, N.V.*, No. 17-cv-06880-BLF, 2018 WL 3537166, at *4 (N.D. Cal. July 23, 2018) (same).

to cause the acts that produce direct infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).

Here, Garrett fails to allege any facts that support an inference of TPRA's: (1) specific intent to induce end-users to infringe the patents-in-suit, **and** (2) knowledge that the end-users directly infringe. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). Rather, Garrett perfunctorily states that "**upon information and belief**, TP-Link accomplishes such inducement by directing and/or instructing others to install, use, and/or operate its surveillance systems, including its devices, software, and applications." Compl. at ¶¶ 36, 49 (emphasis added). This is plainly insufficient to adequately plead TPRA's intent to induce infringement.

Also, attached to the Complaint are over 100 pages of "[i]llustrative images and screenshots" apparently found at www.kasasmart.com/us/products/security-cameras, and a link to a YouTube video, which together allegedly describe how "TP-Link [] displays and advertises its Kasa® surveillance systems through summary descriptions, pictures, videos, and technical specifications." Compl. at ¶¶ 22, 23. The compilation of documents and two URL links that Garrett points to, at best, establish only that TPRA described what is accused as the infringing mode. But courts have found such allegations to be insufficient. *See, e.g.*, *Takeda*, 785 F.3d at 631 (holding that inducement requires that "instructions teach an infringing use of the device *such that* [a court may] infer from those instructions an affirmative intent to infringe the patent") (italics in original) (citation omitted).

There are simply no allegations in Garrett's Complaint (beyond mere generic legal conclusions) to support a plausible inference of specific intent to encourage another's alleged infringement of the patents-in-suit, nor of knowledge of such infringement. *See, e.g.*, *CAP Co., Ltd. v. McAfee, Inc.*, No. 14-CV-05068-JD, 2015 WL 3945875, at *5 (N.D. Cal. June 26, 2015) (dismissing induced infringement where the "complaint does not plead facts that give rise to a plausible inference that defendants knew that any acts they purportedly induced constituted patent infringement"). Indeed, the Supreme Court emphasized in both *Twombly* and *Iqbal* that allegations of conduct "merely consistent with" liability are not enough. *See Twombly*, 550 U.S. at 556–57; *Iqbal*, 556 U.S. at 678.

The court's opinion in *Uniloc USA, Inc. v. Apple Inc.* is instructive. There the court rejected inducement claims where the complaint alleged that Apple "'intentionally instructs its customers to

infringe through training videos, demonstrations, brochures, and installation and user guides' ... [and] lists five generic Apple websites as examples with no explanation as to what specific site content allegedly induces infringement, or how." *Uniloc USA, Inc. v. Apple Inc.*, No. C 18-00359 WHA, 2018 WL 2047553, at *4 (N.D. Cal. May 2, 2018).

Likewise here, the Court should reject Garrett's vague references to "[i]llustrative images and screenshots" from a website and a YouTube video. Garrett fails to identify where or how infringement was induced in any specific manner, or how such infringement was known to TPRA. Because Garrett's Complaint failed to plead facts plausibly supporting these essential elements of induced infringement, Garrett's claims should be dismissed for the same reasons as those in *Uniloc*.

Indeed, Garrett did not even bother to map the claims to the accused products. *See* Compl. at ¶¶ 13-28. To state a claim for induced infringement, a plaintiff needs to plead "facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). Garrett failed to do so here.

As an example, Garrett fails to cite to any portion of the 100+ page compilation attached as Exhibit C to the Complaint, to support his allegation that TPRA had knowledge of the end-user's direct infringement or had the specific intent to induce such infringement. As another example, Garrett has not shown that any portion of the YouTube video it referenced in his Complaint is relevant to any issue.

Garrett's claims for induced infringement should be dismissed for these reasons alone.

### 3.  Garrett Fails to Adequately Plead Critical Elements of His Contributory Infringement Claims

As with induced infringement, "contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 135 S. Ct. at 1926 (citation omitted). Moreover, stating a claim for contributory infringement requires a plaintiff to, "among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337 (referencing 35 U.S.C. § 271(c)). The plaintiff must also plead facts showing that the product was "especially made or especially adapted" for infringement. *Id*. Applying these standards, Garrett's allegations fall short in multiple, independent respects.

First, Garrett failed to allege facts supporting TPRA's pre-suit knowledge of the patents-in-suit

11                                   No. 3:20-cv-03491-SI
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

and knowledge of infringement. Based on these failures alone, Garrett's Complaint fails to state plausible claims of contributory infringement.

Second, Garrett fails to plead any facts in support of a lack of substantial non-infringing use. Instead, Garrett provides a boilerplate conclusory statement that:

> ***Upon information and belief***, TP-Link has also contributed to the infringement of one or more claims of the '207 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, or importing in or into the United States one or more components of its surveillance systems that are the subject of the claims of the '207 Patent, knowing such components to be especially made or adapted for use in an infringement of the '207 Patent and not suitable for any substantial non-infringing use.

*Id*. at ¶ 37 (emphasis added); *see also id*. at ¶ 50 (verbatim language for the '809 patent). But legal conclusions fail under Rule 12(b)(6). *See, e.g.*, *Hitachi Kokusai*, 2018 WL 3537166, at *5 (dismissing contributory infringement allegations because "a conclusory allegation does not support an inference that the accused products have 'no substantial non-infringing uses'") (citation omitted). The system and method claims of the patents-in-suit all require a "mobile device" (*e.g.*, a phone) and a "camera." *See* '207 patent (independent claims 1, 10, 18, and 19); '809 patent (independent claims 1, 10, and 18). Common sense dictates that each of these components have substantial non-infringing uses, just as each component cannot have plausibly been "especially made or especially adapted" for infringement.

As the court in *Uniloc USA, Inc. v. Apple Inc.* stated: a "merely formulaic recitation of Section 271(c) [is] not entitled to the presumption of truth." 2018 WL 2047553, at *5. Accordingly, Garrett's claims for contributory infringement of the patents-in-suit should be dismissed.

### C. Garrett's Claims for Willful Infringement Fail as a Matter of Law

Garrett's claims for willful infringement (and plea for enhanced damages under § 284 or attorneys' fees under § 285) fail for the same reasons as those stated above for indirect infringement. Compl. at ¶¶ 32, 33, 39, 40, 45, 46, 52, 53, Prayer for Relief at ¶¶ F and G. As a threshold matter, "*[k]nowledge* of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *Finjan*, 2018 WL 905909, at *3 (citation omitted) (emphasis added); *see also Longitude Licensing v. Apple Inc.*, No. C-14-04275-EDL, 2015 WL 1143071, at *2 (N.D. Cal. Mar. 13, 2015) ("Claims of willful patent infringement require an allegation that the defendant had knowledge of the asserted patents and its alleged infringement of those patents before the lawsuit was filed."). As

described above, Garrett's Complaint fails to substantiate a plausible inference of pre-suit knowledge of the patents-in-suit.

Further, the Supreme Court established in *Halo* that enhanced damages require "egregious" behavior, such that it could be characterized as "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). Justice Breyer's concurring opinion (joined by Justices Kennedy and Alito), made clear that "the Court's references to 'willful misconduct' do not mean that a court may award enhanced damages simply because the evidence shows that the infringer knew about the patent **and nothing more**." *Id.* at 1936 (emphasis in original). Thus, courts have held that "[a] bare recitation of the required legal elements for willful infringement is insufficient" to state a claim for willful infringement. *Longitude Licensing*, 2015 WL 1143071, at *2 (citation omitted).

But this is all that Garrett has done. Garrett's Complaint makes a conclusory statement that infringement of the patents-in-suit was "willful" (Compl. at ¶¶ 32, 39, 45, 52), and includes a single sentence prayer for relief for enhanced damages as a result of TP-Link's "knowing and willful infringement." *Id.*, Prayer for Relief at ¶¶ F and G. These allegations, at best, merely regurgitate the standard for willfulness set forth in *Halo*. And, more importantly, Garrett has not pointed to any conduct that can be characterized as "egregious" or "characteristic of a pirate."

Accordingly, the Court should dismiss Garrett's claims for willful infringement (including the related prayers for relief).

## V.   CONCLUSION

For the foregoing reasons, TPRA respectfully requests that the Court grant this Motion and dismiss Counts I - IV of Plaintiff's Complaint for failure to meet the standards of Rule 12(b)(6). In addition, Garrett's prayers for enhanced damages and attorneys' fees under §§ 284 and 285, respectively, should be dismissed.

//
//
//
//

| | |
|---|---|
| 1   Date: July 30, 2020 | Respectfully submitted, |
| 2 | **LTL ATTORNEYS LLP** |
| 4 | By: */s/ Heather F. Auyang* |
| 5 | Heather F. Auyang (SBN 191776) |
|   | heather.auyang@ltlattorneys.com |
| 6 | 601 Gateway Boulevard, Suite 1010 |
|   | South San Francisco, California 94080 |
| 7 | Tel: 650-422-2130 |
|   | Fax: 650-241-2142 |
| 9 | Michael J. Song (SBN 243675) |
|   | michael.song@ltlattorneys.com |
| 10 | 300 South Grand Avenue, 14th Floor |
|   | Los Angeles, California 90017 |
| 11 | Tel: 213-612-8900 |
|   | Fax: 213-612-3773 |
| 13 | *Attorneys for Defendant* |
|   | *TP-Link Research America Corp.* |